SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 2 9 2020

Arlene Guardado, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MEDICAL DEPOT, INC. d/b/a DRIVE MEDICAL DESIGN & MANUFACTURING, a corporate entity form unknown;  DEVILBISS HEALTHCARE, LLC, a corporate entity form unknown; and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JENNIFER BELTRAN, an individual;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* SAN BERNARDINO JUSTICE CENTER 247 West 3rd St, San Bernardino, CA 92415 | CASE NUMBER: *(Número del Caso):* CIV DS 2011581 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante. o del demandante que no tiene abogado, es):*

Jihad M. Smaili (SBN 262219); Smaili & Associates, PC; 600 West Santa Ana Blvd. #202, Santa Ana, CA 92701; 714 5474700

| DATE: *(Fecha)* 5-29-20 | Clerk, by *(Secretario)* ARLENE GUARDADO | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* DEVILBISS HEALTHCARE, LLC, a corporate entity form unknown

under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☒ other *(specify):* a corporate entity form unknown
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** |

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

BY FAX

BY FAX

Jihad M. Smaili, Esq. [262219]
**SMAILI & ASSOCIATES, PC**
Civic Center Plaza Towers
600 W. Santa Ana Blvd., Suite 202
Santa Ana, California 92701
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com

Attorneys for Plaintiff

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 2 9 2020

BY: _Arlene Guardado_
ARLENE GUARDADO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| JENNIFER BELTRAN, an individual;<br><br>                    Plaintiff,<br><br>            v.<br><br>MEDICAL DEPOT, INC.<br>d/b/a DRIVE MEDICAL DESIGN &<br>MANUFACTURING, a corporate entity<br>form unknown;  DEVILBISS<br>HEALTHCARE, LLC, a corporate<br>entity form unknown; and DOES 1-50,<br>inclusive,<br><br>                    Defendants. | Case No.:  **CIV DS 2 0 1 1 5 8 1**<br>Assigned for all purposes to the<br><br>**COMPLAINT:**<br>1. Discrimination in Violation of Gov. Code §12940 *et seq.*<br>2. Failure to Accommodate in Violation of Gov. Code § 12940(m)<br>3. Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n)<br>4. Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k)<br>5. Hostile Work Environment Harassment in Violation of Gov. Code § 12940(j)<br>6. Negligent Hiring, Supervision, Or Retention<br>7. Negligent Infliction of Emotional Distress<br>8. Intentional Infliction of Emotional Distress<br>9. Sexual Harassment In Violation of California Government Code §12940(j)<br>10. Retaliation in Violation of Gov. Code §12940(h)<br>11. Wrongful Termination<br>12. Failure To Provide Employment Records<br>13. Meal and Rest Break Violations<br>14. Violation of Business & Professions Code § 17200 *et seq.*<br><br>**DEMAND FOR JURY TRIAL<br>UNLIMITED JURISDICTION** |

Smaili & Associates, P.C.

COMPLAINT

1

BY FAX

Plaintiff Jennifer Beltran (hereinafter "Plaintiff" and/or "Beltran") alleges as follows:

**THE PARTIES**

1. At all times mentioned herein, and at the time the causes of action arose, Plaintiff was and is an individual.

2. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant Medical Depot, Inc. d/b/a Drive Medical Design & Manufacturing ("DMD"), is a corporate entity, form unknown, regularly conducting business in the State of California, and specifically, in the County of San Bernardino. Plaintiff is further informed and believes and thereon alleges that DMD was transacting business in the County of San Bernardino, State of California, at the time claims of Plaintiff arose. At all times relevant, DMD was an employer within the meaning of *Government Code* §12926(d) and as such was barred from, *inter alia*, harassing, discriminating or retaliating against Plaintiff in personnel, scheduling, employment, promotion, advancement, retention, hiring, terminating and other decisions relating to Plaintiff's employment on the basis of age, race, physical disability or medical condition, participation in protected activity, and other immutable characteristics.

3. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant Devilbiss Healthcare, LLC ("Devilbiss"), is a corporate entity, form unknown, regularly conducting business in the State of California, and specifically, in the County of San Bernardino. Plaintiff is further informed and believes and thereon alleges that Devilbiss was transacting business in the County of San Bernardino, State of California, at the time claims of Plaintiff arose. At all times relevant, Devilbiss was an employer within the meaning of *Government Code* §12926(d) and as such was barred from, *inter alia*, harassing, discriminating or retaliating against Plaintiff in personnel, scheduling, employment, promotion, advancement, retention, hiring, terminating and other decisions relating to Plaintiff's employment on the basis of age, race, physical disability or medical condition, participation in protected activity, and other immutable characteristics.

4.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each Defendant named herein as a DOE was responsible in some manner for the occurrences and damages alleged herein.

5.    Each reference in this complaint to "Defendant" and/or "Defendants" refers to DMD, Devilbiss, and also refers to all Defendants sued under fictitious names, jointly and severally.

6.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.    Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.    Likewise, Defendants, and each of them are, now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

7.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

8.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately

1    causing the complaints, injures and/or damages alleged in this Complaint. Plaintiff is

2    further informed and believes and thereon alleges that Defendants, and each of them, at

3    all times mentioned in this Complaint, approved of condoned and/or otherwise ratified

4    each and every one of the acts and/or omissions alleged in this Complaint. Likewise,

5    Defendants, and each of them, at all times mentioned in this Complaint aided and abetted

6    the acts and omissions of each and every one of the other Defendants thereby proximately

7    causing the damages alleged in this Complaint.

8         9.    Plaintiff is informed and believes and thereon alleges that at all actions

9    alleged herein committed by Defendants were committed by managing agents of

10    Defendants, or, such conduct was known by and/or ratified by managing agents of

11    Defendants.

12                      **VENUE AND JURISDICTION**

13         10.    Venue is proper in this county and this Court has jurisdiction over this

14    matter because Defendants operate out of Rialto, California, and, all of the claims and

15    causes of action alleged herein occurred and accrued in the County of San Bernardino,

16    State of California.

17                       **FACTUAL BACKGROUND**

18         11.    On or about May 11, 2017, Defendant hired Plaintiff as a forklift driver.

19    Plaintiff's job duties included, but were not limited to, loading pallets for wrapping.

20    Plaintiff earned an hourly wage of $11.50.

21         12.    In or around June 2017, Plaintiff's supervisor, John Planzkis ("Planzkis"),

22    began regularly sexually harassing Plaintiff. For example, on or about June 18, 2017,

23    Planzkis stared at Plaintiff as she bent down to clean. Plaintiff became uncomfortable and

24    scared when she realized he was staring at her. Defendant's agent, Planzkis, then told

25    Plaintiff to "come over to [his] house and clean it." Defendant's agent, Planzkis, also

26    repeatedly asked Plaintiff out on dates. Plaintiff always rejected and declined the

27    unwanted advances by Planzkis.

28

13. Soon thereafter, Plaintiff complained to Defendant's Human Resources ("HR") representative, Hernan Ponce ("Ponce") about the sexual harassment from Planzkis. Ponce dismissed Plaintiff's fears and concerns by responding, "that's just the way they are here." Defendant failed to prevent the sexual harassment of Plaintiff.

14. Later, Ponce disclosed Plaintiff's complaint to Planzkis. Planzkis retaliated against Plaintiff by making offensive comments and intimidating statements to Plaintiff.

15. In or around June 2017, Plaintiff complained to Michele Renner ("Renner"), Defendant's agent, about further harassment from her coworkers. Plaintiff's coworkers made negative comments about Plaintiff's weight and backside. Her coworkers would also yell, "Boloncha" at her from across Defendant's warehouse. Defendant's agents would also write out insults on her lunch pail and work supplies. Boloncha is a round candy and its reference was being used to disparage and humiliate Plaintiff. In response to Plaintiff complaints, Renner stated that Defendant's employees are "just like that." Upon information and belief, Defendant failed to prevent the harassment of Plaintiff.

16. When Plaintiff again complained about this repeated abuse, Renner yelled at Plaintiff, "You fucking complain too much. Why don't you just shut the hell up?" Renner also threatened to terminate Plaintiff. Defendant's response and the persistent abuse at work caused Plaintiff severe stress. Plaintiff suffered crying episodes due to work-related stress from the hostile work environment she endured.

17. In or around July 2017, Renner disclosed Plaintiff's complaints about Planzkis to him. In response, Planzkis threatened Plaintiff, "If you don't keep your mouth shut, we'll fire you." Plaintiff was required to work in a hostile work-environment that was authorized and condoned by Defendant.

18. In or around January 2018, Raul LNU ("Raul") began helping Plaintiff lift heavy boxes at work. Raul followed up his help with demands to take Plaintiff out on a date. This occurred repeatedly and Plaintiff repeatedly declined his advances.

19. On or about January 3, 2018, Plaintiff complained to Ponce that Raul was

COMPLAINT

5

1    scaring her. Plaintiff explained further that Raul was acting like he was going to run her
2    over with his car. Defendant failed to take any action to remedy the hostile work
3    environment that Plaintiff suffered. Upon information and belief, Plaintiff was required to
4    work in a hostile work-environment that was condoned by Defendant.

5        20.    On or about February 1, 2018, Raul ran his forklift into Plaintiff's forklift
6    causing Plaintiff to suffer a work-related injury. Plaintiff suffered injuries to her neck,
7    shoulders, and back. Plaintiff did not immediately report the injury for fear of
8    Defendant's threats.

9        21.    On or about February 5, 2018, Plaintiff reported the accident to Renner and
10   informed her that she was suffering from back pain. Renner instructed Plaintiff to inform
11   Rudy LNU ("Rudy") and Plaintiff did so. In response, Rudy cursed at Plaintiff. Plaintiff
12   was eventually sent her to US Healthworks and returned back to work on the same day.
13   However, Plaintiff could not bear the pain long enough to continue her shift. Plaintiff
14   informed Defendant's agent(s), "I am not okay to continue working today. I am in too
15   much pain." Plaintiff left work early.

16       22.    On or about February 6, 2018, Plaintiff went to US Healthworks again and
17   was given work restrictions, including, "office work only." Plaintiff experienced pain
18   from performing seated work for long periods of time. Plaintiff complained to Rudy
19   about the pain she experienced from sitting, but Defendant's agent told her that she had
20   no choice and must sit all day. Defendant failed to accommodate Plaintiff and failed to
21   engage Plaintiff in a good faith interactive process.

22       23.    Plaintiff was regularly harassed due to her disability and resulting work-
23   restrictions. On one such occasion, Renner passed by Plaintiff while she was doing seated
24   work and said, "I wish I could sit on my fucking ass all day." Defendant failed to take
25   any action to remedy the hostile work environment that Plaintiff suffered on the basis of
26   her disability.

27       24.    In or around March 2018, Plaintiff complained to Ponce about back pain
28   she was experiencing from the long periods of time seated work that she was performing.

Smith & Associates, P.C.

1    Plaintiff requested time to walk around the warehouse to ease her pain. Ponce laughed at

2    her. Defendant's agent failed to take any further action to engage Plaintiff in a good faith

3    interactive process and failed to accommodate her.

4          25.    In or around March 2018, Plaintiff repeatedly complained to Defendant's

5    agent(s) about the pain she was experiencing from being forced to sit all day and not

6    being permitted to take breaks to walk. Defendant repeatedly failed to engage Plaintiff in

7    a good faith interactive process and repeatedly failed to accommodate her. Plaintiff's pain

8    and symptoms were exacerbated as a result.

9          26.    In or around March 2018, Plaintiff hired a workers' compensation attorney.

10         27.    In or around late March 2018, Defendant's agent finally approved Plaintiff

11   for one week of medical leave. Plaintiff exercised this one week medical leave. Upon her

12   return to work from her medical leave, on or about April 5, 2018, Plaintiff was

13   terminated. Defendant's reason for termination was because Plaintiff had taken the

14   previous week off. Plaintiff is informed and believes that she was terminated, in part, in

15   retaliation for exercising her rights to take medical leave.

16         28.    Further, throughout Plaintiff's employment, she was not provided 30-

17   minute uninterrupted meal breaks for every five (5) hours worked.

18         29.    Upon information and belief, Plaintiff suffered discrimination, harassment,

19   retaliation, and ultimately termination due to her disability, work-related injury,

20   perceived filing/filing for workers' compensation, reporting harassment, and requesting

21   an accommodation. Further, Defendant refused to engage in a good-faith interactive

22   process and refused to offer any accommodation.

23         30.    Before filing this lawsuit, Plaintiff exhausted her administrative remedies

24   by timely filing a complaint with the Department of Fair Employment and Housing

25   (DFEH) and receiving a right-to-sue notice, dated April 5, 2019.

26

27

28

'COMPLAINT

# FIRST CAUSE OF ACTION
## DISCRIMINATION IN VIOLATION OF
## CALIFORNIA GOVERNMENT CODE § 12940 *ET SEQ.*
### (Against All Defendants)

31.     Plaintiff refers to all allegations contained in paragraphs 1-30, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

32.     California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability.   FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and other immutable characteristics.

33.     Plaintiff is has a disability as alleged above.

34.     Defendant was aware of Plaintiff's disability, as herein alleged, because Plaintiff specifically reported said disability directly to Defendant via Defendant's supervisors and managing agents.

35.     At all times herein alleged, Plaintiff was qualified for the position of employment that she held with Defendant and was able to perform the essential functions of that job.

36.     Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's disability, Defendant refused to engage Plaintiff in an interactive process, refused to communicate with Plaintiff, refused to accommodate Plaintiff's medical restrictions, denied Plaintiff opportunity for advancement, promotion and the ability to earn a living, and terminated Plaintiff.

37.     Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's disability in violation of FEHA, and particularly *Gov't Code* §12940(a).

38.   As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendants' discriminatory conduct, all in an amount subject to proof at the time of trial, but believed to be no less than three hundred thousand dollars.

39.   As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an amount subject to proof at trial.

40.   Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

41.   Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

42.   Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities.   By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

43.   Plaintiff is informed and believes and thereon alleges that her disability was a motivating factor in the decision of Defendant to discriminate against her and terminate her.

44.   The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers,

1  along with conscious disregard of Plaintiff's rights, and were ratified by those other

2  individuals who were managing agents of Defendant.

3       45.    The conduct of Defendant as alleged hereinabove was done with malice,

4  fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.

5  As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

6       46.    Plaintiff also continues to incur attorneys' fees and legal expenses in an

7  amount according to proof at the time of trial which fees and expenses are recoverable

8  pursuant to *Gov't Code* §12900 *et seq.*

9                        **SECOND CAUSE OF ACTION**

10  **FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF**

11         **CALIFORNIA GOVERNMENT CODE § 12940(m)**

12                      **(Against All Defendants)**

13       47.    Plaintiff refers to all allegations contained in paragraphs 1-46, inclusive and

14  by such reference incorporates the same herein as though fully realleged in detail.

15       48.    Plaintiff has a disability as alleged above.

16       49.    Defendant was aware of Plaintiff's disability, as alleged above and herein.

17       50.    Defendant failed and refused to accommodate Plaintiff's needs, and, failed

18  and refused to engage in an interactive process with Plaintiff, and, failed to address

19  Plaintiff's needs in light of her disabilities.

20       51.    At all times herein alleged, Plaintiff was qualified for the position of

21  employment that she held with Defendant and was able to perform the essential functions

22  of that job if such reasonable accommodation had been made by Defendant.  At no time

23  would the performance of the functions of the employment position, with a reasonable

24  accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other

25  person's health or safety, nor would it have created an undue hardship to the operation of

26  Defendant's business.

27       52.    Defendant's failure to accommodate Plaintiff, as alleged above, constitutes

28  unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code*

Smaili & Associates, P.C.

§12940.

53.   As a direct, foreseeable, and proximate result of Defendant's wrongful conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's wrongful conduct, in an amount of at least three hundred thousand dollars, all subject to proof at the time of trial.

54.   As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an amount subject to proof at trial.

55.   Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

56.   Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

57.   Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities.  By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

58.   Plaintiff is informed and believes and thereon alleges that Defendant's desire to avoid accommodating Plaintiff was a motivating factor in the decision of Defendant to discriminate against her and ultimately terminate her.

59.   The outrageous conduct of Defendant, and each of them, as alleged herein,

1  was done with oppression and malice by Defendant and its supervisors and managers,

2  along with conscious disregard of Plaintiff's rights, and were ratified by those other

3  individuals who were managing agents of Defendant.

4      60.   The conduct of Defendant as alleged hereinabove was done with malice,

5  fraud, or oppression, and in reckless disregard of Plaintiff's rights under California law.

6  As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

7      61.   Plaintiff also continues to incur attorneys' fees and legal expenses in an

8  amount according to proof at the time of trial which fees and expenses are recoverable

9  pursuant to *Gov't Code* §12900 *et seq.*

10                          **THIRD CAUSE OF ACTION**

11          **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN**

12          **VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(n)**

13                          **(Against All Defendants)**

14      62.   Plaintiff refers to all allegations contained in paragraphs 1-61, inclusive and

15  by such reference incorporates the same herein as though fully realleged in detail.

16      63.   Plaintiff has a disability as alleged above.

17      64.   Defendant was aware of Plaintiff's disability, as alleged above and herein.

18      65.   Defendant failed and refused to engage Plaintiff in an interactive process

19  designed to unite Plaintiff with her job.

20      66.   At all times herein alleged, Plaintiff was qualified for the position of

21  employment that she held with Defendant and was able to perform the essential functions

22  of that job if such reasonable accommodation had been made by Defendant.  At no time

23  would the performance of the functions of the employment position, with a reasonable

24  accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other

25  person's health or safety, nor would it have created an undue hardship to the operation of

26  Defendant's business.

27      67.   Defendant's failure to engage with Plaintiff in an interactive process, as

28  alleged above, constitutes unlawful conduct in employment in violation of FEHA, and

1 │ particularly *Gov't Code* §12940.

2 │ 68.  As a direct, foreseeable, and proximate result of Defendant's wrongful

3 │ conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has

4 │ suffered the loss of wages, salary, benefits, the potential for advancement, and additional

5 │ amounts of money Plaintiff would have received but for Defendant's wrongful conduct,

6 │ all in an amount no less than three hundred thousand dollars, subject to proof at the time

7 │ of trial.

8 │ 69.  As a direct, foreseeable, and proximate result of the wrongful conduct of

9 │ Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional

10 │ distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an

11 │ amount subject to proof at trial.

12 │ 70.  Plaintiff is informed and believes and thereon alleges that the above-alleged

13 │ actions of Defendant were the result and consequence of Defendant's failure to supervise,

14 │ control, direct, manage, and counsel those agents throughout Plaintiff's employment and

15 │ that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

16 │ enabled agents to believe that their conduct was appropriate.

17 │ 71.  Defendant, and each of them, failed to offer counseling or comfort to

18 │ Plaintiff and sent the unmistakable message that such conduct is appropriate in the

19 │ workplace.

20 │ 72.  Plaintiff is informed and believes and thereon alleges that Defendant has a

21 │ systemic and wide-spread policy of discriminating against and retaliating against

22 │ employees with disabilities.  By failing to stop the discrimination, harassment and

23 │ retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,

24 │ directly caused a vicious cycle of wrongful conduct with impunity.

25 │ 73.  Plaintiff is informed and believes and thereon alleges that Defendant's

26 │ desire to avoid accommodating Plaintiff was a motivating factor in the decision of

27 │ Defendant to discriminate against her and ultimately terminate her.

28 │ 74.  The outrageous conduct of Defendant, and each of them, as alleged herein,

1   was done with oppression and malice by Defendant and its supervisors and managers,

2   along with conscious disregard of Plaintiff's rights, and were ratified by those other

3   individuals who were managing agents of Defendant.

4       75.    The conduct of Defendant as alleged hereinabove was done with malice,

5   fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.

6   As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

7       76.    Plaintiff also continues to incur attorneys' fees and legal expenses in an

8   amount according to proof at the time of trial which fees and expenses are recoverable

9   pursuant to *Gov't Code* §12900 *et seq.*.

10                  **FOURTH CAUSE OF ACTION**

11      **FAILURE TO PREVENT DISCRIMINATION IN VIOLATION**

12          **OF CALIFORNIA GOVERNMENT CODE § 12940(k)**

13                  **(Against All Defendants)**

14      77.    Plaintiff refers to all allegations contained in paragraphs 1-76, inclusive and

15   by such reference incorporates the same herein as though fully realleged in detail.

16      78.    During the course of employment, Defendant, and each of them, failed to

17   prevent or remedy discrimination, retaliation and harassment toward Plaintiff on the basis

18   of her disability and participation in protected conduct in violation of *Government Code*

19   §12940(k).

20      79.    As a direct result of the wrongful conduct of Defendant, Plaintiff suffered,

21   and continues to suffer, substantial losses in earnings and other benefits in an amount

22   according to proof at the time trial, including special and general damages.

23      80.    As a direct, foreseeable, and proximate result of the wrongful conduct of

24   Defendant, Plaintiff has suffered and continues to suffer emotional distress and anguish,

25   humiliation, substantial losses in salary, bonuses, job benefits, and other employment

26   benefits which she would have received all to her damage in a sum within the jurisdiction

27   of the Court to be ascertained according to proof.

28      81.    Plaintiff is informed and believes and thereon alleges that the outrageous

COMPLAINT

14

1    conduct of Defendant, and each of them, as alleged herein, was done with oppression and

2    malice by Plaintiff's supervisors and managers, along with conscious disregard of

3    Plaintiff's rights, and were ratified by those other individuals who were managing agents

4    of Defendant.

5        82.    As a proximate result of the wrongful conduct of Defendant, and each of

6    them, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and

7    mental and physical pain and anguish according to proof at the time of trial.

8        83.    These unlawful acts were further encouraged by Defendant and done with a

9    conscious disregard for Plaintiff's rights and with the intent, design, and purpose of

10   injuring Plaintiff.    The conduct of Defendant alleged hereinabove was done with malice,

11   fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.

12   As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

13       84.    Plaintiff has also incurred and continues to incur attorneys' fees and legal

14   expenses in an amount according to proof at the time of trial.

15                          **FIFTH CAUSE OF ACTION**

16            **HOSTILE WORK ENVIRONMENT HARASSMENT**

17               **IN VIOLATION OF GOV. CODE § 12940(j)**

18                       **(Against All Defendants)**

19       85.    Plaintiff refers to all allegations contained in paragraphs 1-84, inclusive,

20   and by such reference incorporates the same herein as though fully realleged in detail.

21       86.    California law, and particularly the Fair Employment and Housing Act

22   ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits harassment against

23   persons with a physical condition or disability, which is broadly defined therein, and

24   which includes even the perception that a person has a medical or mental condition

25   and/or physical condition or disability.    FEHA further prohibits discrimination based

26   upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and

27   other immutable characteristics.

28       87.    Plaintiff is a disabled woman, as alleged above.

COMPLAINT

15

88.     Defendant was aware of Plaintiff's disability, as herein alleged, because Plaintiff specifically reported said disability directly to Defendant via Defendant's supervisors and managing agents.

89.     At all times herein alleged, Plaintiff was qualified for the position of employment that she held with Defendant and was able to perform the essential functions of that job.

90.     Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's disability, subjected Plaintiff to hostile comments, foul and offensive language, abuse, intimidation, and humiliation.

91.     Defendant's harassing conduct was severe and pervasive.

92.     A reasonable employee in Plaintiff's circumstances would have considered the work environment to be hostile or abusive; and Plaintiff did consider the work environment to be the same.

93.     Defendant's harassing action against Plaintiff, as alleged above, constitutes unlawful harassment in employment on account of Plaintiff's disability in violation of FEHA, and particularly *Gov't Code* §12940(a).

94.     As a direct, foreseeable, and proximate result of Defendant's unlawful harassment action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendants' discriminatory conduct, all in an amount subject to proof at the time of trial, but believed to be no less than three hundred thousand dollars.

95.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an amount subject to proof at trial.

96.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise,

COMPLAINT

control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the unlawful harassment behavior and enabled agents to believe that their conduct was appropriate.

97.     Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

98.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of harassing against and retaliating against employees with disabilities.   By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

99.     Plaintiff is informed and believes and thereon alleges that her disability was a motivating factor in the decision of Defendant to harass her and terminate her.

100.    The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

101.    The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

102.    Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

### SIXTH CAUSE OF ACTION

### NEGLIGENT HIRING, SUPERVISION, OR RETENTION

### (As Against All Defendants)

103.    Plaintiff refers to all allegations contained in paragraphs 1-102, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

104. "Negligence liability will be imposed on an employer if it 'knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes.'" *Phillips v. TLC Plumbing, Inc.* 2009 172 Cal. App. 4th 1133, 1139.

105. Planzkis, Renner, Ponce, and Plaintiff's coworker(s) were unfit and/or incompetent to perform the work for which they were hired.

106. Defendants knew or should have known that the unfitness and/or incompetence of Planzkis and Plaintiff's coworker(s) created a particular risk to others;

107. The unfitness and/or incompetence of Planzkis, Renner, Ponce, and Plaintiff's coworker(s) harmed Plaintiff.

108. Defendant's negligence in hiring, supervising, or retaining Planzkis, Renner, Ponce, and Plaintiff's coworker(s)was a substantial factor in causing Plaintiff's harm.

109. As a proximate result of Defendants' negligence in hiring, supervising, or retaining Planzkis, Renner, Ponce, and Plaintiff's coworker(s), Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

110. As a proximate result of Defendants' negligence in hiring, supervising, or retaining Planzkis, Renner, Ponce, and Plaintiff's coworker(s), Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

## SEVENTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (As Against All Defendants)

111. Plaintiff refers to all allegations contained in paragraphs 1-112, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

112. Defendants owed Plaintiff a duty, because of their preexisting relationship as employer-employee, to refrain from harassing Plaintiff because of her disability, in violation of FEHA.

113.    Defendants owed a further duty to Plaintiff to take reasonable steps to take reasonable action to avoid these wrongful acts and to reasonably deal with them upon learning of their existence.

114.    Defendants' acts and/or omissions constituting, authorizing, condoning, and ratifying harassment as hereinabove alleged toward Plaintiff, and Defendants' failure to take reasonable steps to avoid these wrongful acts or reasonably deal with them upon learning of their existence, constituted breaches of their respective duties.

115.    As a proximate result of Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress.  Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

116.    As a proximate result of Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

117.    The aforementioned acts of Defendants were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff, and were done by managerial agents and employees of Defendants, or with the express knowledge, consent, and ratification of managerial employees of Defendants, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(As Against All Defendants)

118.    Plaintiff refers to all allegations contained in paragraphs 1-117, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

119.    During Plaintiff's employment, as hereinbefore alleged, Defendants engaged in intentional and injurious course of conduct which, was in conscious disregard

COMPLAINT

Smalli & Associates, P.C.

of Plaintiff's rights. Defendants' conduct and behavior was extreme and outrageous and cannot be considered normal personnel actions.

120.    Defendants, and each of them, acted intentionally and recklessly by discriminating against and harassing Plaintiff because of his work related injury and participation in protected activity, and, in doing so, subjected Plaintiff to severe emotional distress.

121.    Defendants acted outrageously with the intent of causing or with reckless disregard of the probability of causing severe emotional distress to Plaintiff by acting and failing to act as alleged herein, for instance, but without limitation, harassment and discrimination and retaliation in violation of FEHA and Labor Code § 6310 which embodies a public policy against retaliatory terminations, or discharge as alleged, and thus falls outside the compensation bargain.

122.    The conduct of Defendants, and each of them, as set forth above, was so extreme and outrageous that it exceeded all boundaries of a decent society. Said conduct was intended to cause severe emotional distress, or was done in conscious disregard of the probability of causing severe emotional distress.

123.    As a direct result of Defendants intentional acts, Plaintiff has suffered and continues to suffer extreme emotional anguish, humiliation, embarrassment, mental suffering, and tension all to Plaintiff's detriment in a sum within the jurisdiction of this Court to be ascertained according to proof. Plaintiff has suffered, and continues to suffer, severe emotional and mental anguish, anguish, humiliation, embarrassment, anger, shock, pain, discomfort, anxiety, and sleeplessness. The exact nature and extent of these injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

124.    As a direct, foreseeable, and proximate result of the conduct of each Defendant, Plaintiff has suffered and continues to suffer substantial losses in salary,

COMPLAINT

20

1    career losses, bonuses, job benefits, and other employment benefits which he would have

2    received all to his damages in a sum within the jurisdiction of the Court to be ascertained

3    according to proof.

4        125.    As a direct result of the outrageous conduct of Defendants, and each of

5    them, as alleged herein, Plaintiff is entitled to punitive or exemplary damages against said

6    Defendants, and each of them, for their acts as alleged herein in an amount to be

7    determined at time of trial.

8        126.    Defendants knew or, in the exercise of reasonable care, should have known

9    that the abusive and outrageous conduct would cause, and did cause, Plaintiff mental

10   distress, and was so extreme that it exceeded all bounds of that usually tolerated in a

11   decent and civilized society.  As set forth above, Defendants' actions were illegal and in

12   contravention of state laws, codes, regulations, standards, and statutes.

13       127.    The aforementioned acts of Defendants were willful, wanton, malicious,

14   intentional, oppressive, and despicable, and were done in willful and conscious disregard

15   of the rights of Plaintiff, and were done by managerial agents and employees of

16   Defendants, or, with the express knowledge, consent, and ratification of managerial

17   employees of Defendants, and thereby justify the awarding of punitive and exemplary

18   damages in an amount to be determined at the time of trial.

## NINTH CAUSE OF ACTION

### SEXUAL HARASSMENT IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE §12940(j)

#### (Against All Defendants)

128.    Plaintiff refers to all allegations contained in paragraphs 1-127, inclusive

and by such reference incorporates the same herein as though fully realleged in detail.

129.    During the course of Plaintiff's employment, Defendants created and

allowed to exist a hostile environment and discriminated against and harassed Plaintiff on

the basis of her sex and gender, and participation in protected conduct, in violation of

1   firmly established California public policy as set forth under Government Code § 12940
2   *et seq.*

3        130.   Defendant demanded more than professionalism from Plaintiff and other
4   employees. Defendant's agents regularly made sexual advances, gestures, comments, and
5   overtures towards Plaintiff. Plaintiff rebuffed Defendant's advances and made
6   complaints. The improper conduct did not abate and Defendant did nothing to prevent or
7   stop such conduct, nor did Defendants discipline Defendant's agents.

8        131.   California public policy is clear that harassment of employees on the basis
9   of sex/gender is an unlawful employment practice and requires Defendants to refrain
10  from discrimination or harassment against any employee because of their sex/ gender.

11       132.   The foregoing conduct further violates California public policy which
12  provides that it is unlawful for an employer to fail to take all reasonable steps necessary
13  to prevent harassment from occurring.

14       133.   The foregoing conduct violates California public policy which provides that
15  it is an unlawful practice for any employer or person to retaliate against or otherwise
16  discriminate against any person because the person has opposed any practices forbidden
17  by law or because the person has complained or asserted legal rights under the law.

18       134.   The sexual harassment and retaliation against Plaintiff created an
19  oppressive, hostile, intimidating and/or offensive work environment for Plaintiff and
20  interfered with her emotional well-being and ability to perform her duties.

21  135.   The sexual harassment and retaliation were sufficiently severe and pervasive as to
22  materially alter Plaintiff's conditions of employment, and to create an abusive work
23  environment.

24       136.   The acts of Defendant alleged above were done maliciously, oppressively,
25  and/or fraudulently.

26       137.   Defendants knew, or should have known, that there was an ongoing
27  problem with Defendant making unwelcome sexual advances to employees, and
28  specifically Plaintiff, and employed him with conscious disregard of the rights or safety

Smith & Associates, P.C.

1  of Plaintiff and of other employees.

2  138.   Once Plaintiff complained, Defendants could have implemented significant

3  remedies, but failed to do so, or chose not to do so.  Defendants therefore ratified and

4  adopted the wrongful conduct.

5  139.   As a direct and proximate result of the sexual harassment of Plaintiff

6  described above, and the retaliation against him, Plaintiff has suffered and will continue

7  to suffer embarrassment, humiliation, mental anguish, severe emotional and physical

8  distress, losses in earnings, bonuses, deferred compensation, employment benefits,

9  earning capacity, opportunities for employment advancement, and work experience, all to

10  her damage, according to proof.

11  ## TENTH CAUSE OF ACTION

12  ## RETALIATION IN VIOLATION OF

13  ## CALIFORNIA GOVERNMENT CODE §12940(h)

14  ### (Against All Defendants)

15  140.   Plaintiff refers to all allegations contained in paragraphs 1-139, inclusive,

16  and by such reference incorporates the same herein as though fully realleged in detail.

17  141.   At all times herein mentioned, FEHA, *Government Code* §12940(h), was in

18  full force and effect and was binding on Defendant.  This statute requires Defendant to

19  refrain from retaliating against Plaintiff.

20  142.   Plaintiff is informed and believes and thereon alleges that as a consequence

21  of lodging complaints with Defendants about the harassing and discriminatory acts being

22  committed against Plaintiff, coupled with Plaintiff's disability sustained while on-the-job

23  for which workers compensation coverage was required along with reasonable

24  accommodation, Defendant took retaliatory action against Plaintiff by failing to conduct a

25  good faith interactive process aimed at reuniting Plaintiff with her  job, failing to

26  determine the essential functions of Plaintiff's job, mistreat Plaintiff, and deny Plaintiff

27  advancement and promotion.

28  143.   Defendant unlawfully retaliated against Plaintiff after she engaged in

Small & Associates, P.C.

COMPLAINT

1    protected activity after being injured on the job, such as without limitation, filing or

2    intending to file for workers' compensation benefits due to safety concerns and

3    requesting accommodation, and, lodging workplace complaints related to the harassment

4    and discrimination that she was facing, and other complaints of a hostile and unsafe

5    working environment.

6         144.   As a proximate result of Defendant's willful, knowing, and intentional

7    conduct against Plaintiff, she has sustained and continues to sustain substantial losses in

8    her earnings and other employment benefits and continues to suffer humiliation,

9    emotional distress, and mental and physical pain an and anguish, and sleep dysfunction,

10   all to her damage in a sum according to proof.

11        145.   These unlawful acts were further encouraged by Defendant and done with a

12   conscious disregard for Plaintiff's rights and with the intent, design, and purpose of

13   injuring Plaintiff.  In light of Defendant's willful, knowing, and intentional discrimination

14   against Plaintiff which culminated in her discharge, Plaintiff seeks an award of punitive

15   and exemplary damages in an amount according to proof.

16        146.   Plaintiff has incurred and continues to incur legal expenses and attorney

17   fees.  Plaintiff is presently unaware of the precise amount of said expenses and fees and

18   prays leave of court to amend this Complaint when said amounts are more fully known.

## ELEVENTH CAUSE OF ACTION

### WRONGFUL TERMINATION

#### (Against All Defendants)

22        147.   Plaintiff refers to all allegations contained in paragraphs 1-146, inclusive

23   and by such reference incorporates the same herein as though fully realleged in detail.

24        148.   Plaintiff informed Defendants that she suffered from disabilities.  Further,

25   Defendants were aware of Plaintiff's requests for accommodation and complaints about

26   her workplace environment.  Defendants were also aware that Plaintiff filed a worker's

27   compensation claim and sought medical treatment pursuant to the same.

28        149.   *Labor Code* §232.5 makes it illegal for an employer to prohibit an

employee from discussing their working conditions.

150.   *Labor Code* §6310 protects an employee's right to complain of unsafe working conditions.

151.   *Labor Code* §6400 requires employers to provide a work environment that is safe for its employees.

152.   *Gov't Code* §12940 et seq., prohibits forms of discrimination against protected classes of employees.

153.   Defendant wrongfully terminated Plaintiff in violation of a substantial and fundamental public policy in that a determining and motivating factor in Defendants' decision to terminate Plaintiff was the desire to retaliate against her because:  (i) she had a disability and work restrictions, (ii) she requested and required reasonable accommodation, (iii) she took medical leave, (iv) she required an interactive process, (v) she filed a claim for worker's compensation, and (vi) she lodged complaints.

154.   Plaintiff is informed and believes and thereon alleges that these factors made up Defendants decision to terminate Plaintiff and/or played an important and integral role in said decision.  Such discrimination was in violation of the public policy of the State of California and resulted in damage and injury to Plaintiff as alleged herein.

155.   As a proximate result of Defendants willful, knowing, and intentional discrimination and retaliation against Plaintiff, she has sustained and continues to sustain substantial losses in her earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain an and anguish, and loss of sleep/sleep dysfunction, all to her damage in a sum according to proof.

156.   In light of Defendants willful, knowing, and intentional discrimination against Plaintiff which resulted in her wrongful termination, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

## TWELVTH CAUSE OF ACTION

### FAILURE TO PROVIDE EMPLOYMENT RECORDS

### (Against All Defendants)

157. Plaintiff refers to all allegations contained in paragraphs 1-156, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

158. California Labor Code §1174, subdivision (c), requires employers doing business in the State of California to maintain payroll records and to keep these records in a central location in the State of California.

159. California Labor Code §226, subdivisions (b) and (c), require employers doing business in the State of California to provide current and former employees access to their payroll records.

160. California Labor Code §432, subdivision (b), requires employers doing business in the State of California to provide current and former employees copies of all written instruments they sign upon request.

161. California Labor Code §1198.5 et seq., provides current and former employees the right to inspect their employee personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee.

162. Plaintiff, via counsel, requested Defendants to provide Plaintiff with her employee personnel file and payroll records, and Defendants did not provide Plaintiff with inspection rights or complete copies of such records, in violation of the above-described statutes.

163. As a result of Defendants' statutory violations alleged in this Complaint, Plaintiff suffered damages, in an amount to be determined according to proof at trial, costs, and attorney's fees.

164. By reason of the foregoing, Plaintiff has been left without an adequate remedy at law, and should be entitled to appropriate injunctive relief from this Court, including, but not limited to, an order by the Court requiring Defendants to turn over

1  copies of Plaintiff's employee personnel file and payroll records to Plaintiff or to provide

2  Plaintiff access to these records as required by law.

3       165.  Plaintiff is entitled to costs and attorney's fees as provided by applicable

4  law, including, but not limited to, California Labor Code §226 subdivisions (e), (f), and

5  (h), and § 1198.5 subdivision (l).

6       166.  Plaintiff is entitled to penalties as provided by applicable law, including,

7  but not limited to, California Labor Code §§ 226 subdivisions (e) and (f), and §1198.5

8  subdivision (k).

9  **THIRTEENTH CAUSE OF ACTION**

10  **MEAL AND REST BREAK VIOLATIONS**

11  **(Against All Defendants)**

12       167.  Plaintiff refers to all allegations contained in paragraphs 1-166, inclusive

13  and by such reference incorporates the same herein as though fully realleged in detail.

14       168.  *Labor Code* §226.7(a) provides in pertinent part that, "No Employer shall

15  require any employee to work during any meal or rest period mandated by an applicable

16  order of the Industrial Welfare Commission."

17       169.  *Labor Code* §512 provides in pertinent part that, "An employer may not

18  employ an employee for a work period of more than five hours per work day without

19  providing the employee with a meal period of not less than 30 minutes, except that if the

20  total work period per day of the employee is no more than six hours, the meal period may

21  be waived by mutual consent of both the employer and employee."

22       170.  *Labor Code* §512 further provides in pertinent part that, "An employer may

23  not employ an employee for a work period of more than 10 hours per day without

24  providing the employee with a second meal period of not less than 30 minutes, except

25  that if the total hours worked is no more than 12 hours, the second meal period may be

26  waived by mutual consent of the employer and the employee only if the first meal period

27  was not waived."

28       171.  *Labor Code* §516 provides that the industrial Welfare Commission may

Smalli & Associates, P.C.

1 adopt or amend working condition orders with respect to meal periods for any workers in
2 California consistent with the health and welfare of those workers.

3    172.   Section 11(A) of the IWC Wage Order(s) provides that "Unless the
4 employee is relieved of all duty during a 30 minute meal period, the meal period shall be
5 considered an "on duty" meal period and counted as time worked. An "on duty" meal
6 period shall be permitted only when the nature of the work prevents an employee from
7 being relieved of all duty and when by written agreement between the parties an on-the-
8 job paid meal period is agreed to. The written agreement shall state that the employee
9 may, in writing, revoke the agreement at any time."

10    173.   Section 11(B) of the IWC Wage Order(s) provides that "If an employer
11 fails to provide an employee a meal period in accordance with the applicable provisions
12 of this order, the employer shall pay the employee one (1) hour of pay at the employee's
13 regular rate of compensation for each workday that the meal period is not provided."

14    174.   Likewise, the IWC Wage Order(s) and provisions of the Labor Code
15 require that an employer relieve an employee of duty for a ten minute break for every
16 four hours worked.

17    175.   While employed by Defendants, and at all times relevant herein, Plaintiff
18 consistently worked over five (5) hours per shift and therefore was entitled to an
19 uninterrupted meal period of not less than thirty (30) minutes prior to exceeding five (5)
20 hours of employment, and, at least one rest break for every four hours worked.

21    176.   At all times relevant herein, Plaintiff did not waive her meal periods and/or
22 rest breaks, by mutual consent with Defendants or otherwise.

23    177.   At all times relevant herein, Plaintiff did not enter into any written
24 agreement with Defendants agreeing to an on-the-job paid meal period and/or rest break.

25    178.   Defendants failed to comply with the rest and meal period requirements
26 established by *Labor Code* §226.7, *Labor Code* §512, *Labor Code* §516 and Section 11
27 of the IWC Wage Order(s).

28    179.   Pursuant to Section 11(B) of the IWC Wage Order(s) and *Labor Code*

Smith & Associates, P.C.

§226.7(b), which states in pertinent part that "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," Plaintiff is entitled to damages in an amount equal to one (1) additional hour of pay at Plaintiff's regular rate of compensation for each work day that the meal period was not provided.

180.   Pursuant to *Labor Code* §218.6 and *Civil Code* §3287, Plaintiff seeks recovery of pre-judgment interest on all amounts recovered herein.

## FOURTEENTH CAUSE OF ACTION

## VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.*

### (Against All Defendants)

181.   Plaintiff refers to all allegations contained in paragraphs 1-180 inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

182.   Defendant, and each of them, have engaged in unfair and unlawful business practices as set forth above.

183.   Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair business practices.

184.   By engaging in the above-described acts and practices, Defendant, and each of them, have committed one or more acts of unfair, unlawful or fraudulent competition within the meaning of Business & Professions Code §17200 *et seq.*

185.   Defendant, and each of them, have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendant, and each of them, have acted contrary to public policies and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq.*, depriving Plaintiff and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

186.   As a direct and proximate result of the aforementioned acts and practices,

COMPLAINT

29

1   Plaintiff has suffered a loss of money and property in the form of wages and benefits that
2   she would have received as an employee of Defendant, and each of them.

3        187.    Plaintiff seeks an order of this Court awarding restitution, injunctive relief
4   and all other relief allowed under Business & Professions Code §17200 *et seq.*, plus
5   interest and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but no less than three hundred thousand dollars;

2. For restitution for unfair competition pursuant to Business & Professions Code §17200 *et seq.*, resulting from Defendants' unlawful business acts and practices, according to proof;

3. For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties alleged in this Complaint;

4. For pre-judgment and post-judgment interest, according to proof;

5. For punitive and exemplary damages, according to proof;

6. For attorneys' fees, according to proof and statute;

7. For costs of suit incurred herein;

8. For such other relief and the Court may deem just and proper.

Dated: April 3, 2020                     **SMAILI & ASSOCIATES, P.C.**


By: ___/s/ *Jihad M. Smaili*_____
     Jihad M. Smaili, Esq.
     Attorneys for Plaintiff

COMPLAINT

31

1
## DEMAND FOR JURY TRIAL

2
Plaintiff hereby requests a trial by jury.

3

4
Dated: April 3, 2020                     **SMAILI & ASSOCIATES, P.C.**

5

6
By: /s/ *Jihad M. Smaili*

7
Jihad M. Smaili, Esq.
Attorneys for Plaintiff

8

COMPLAINT

32

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Jihad M. Smaili, Esq. [SBN: 262219]
SMAILI & ASSOCIATES, P.C.
600 W. Santa Ana Blvd., Ste 202, Santa Ana, CA 92701

TELEPHONE NO.: (714) 547-4700    FAX NO. (Optional): (714) 547-4710
ATTORNEY FOR (Name): JENNIFER BELTRAN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 West 3rd St.
MAILING ADDRESS:
CITY AND ZIP CODE:, San Bernardino 92415
BRANCH NAME: San Bernardino Justice Center

**FOR COURT USE ONLY**

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 2 9 2020

BY _Arlene Guardado_
ARLENE GUARDADO, DEPUTY

CASE NAME:
JENNIFER BELTRAN v. MEDICAL DEPOT, INC. d/b/a DRIVE MEDICAL DESIGN & MANUFACTURING, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIV DS 2011581 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) / [ ] Limited (Amount demanded is $25,000) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): 14
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: APRIL 3, 2020

Jihad M. Smaili, Esq.
_(TYPE OR PRINT NAME)_                    ▶ /s/ Jihad M. Smaili
                                             _(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use                CIVIL CASE COVER SHEET                Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
                                                                                    Cal. Standards of Judicial Administration, std. 3.10

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

BY FAX

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

JENNIFER BELTRAN

Case No. CIV DS 2 0 1 1 5 8 1

vs.

### CERTIFICATE OF ASSIGNMENT

MEDICAL DEPOT, INC. d/b/a DRIVE MEDICAL DESIGN & MANUFACTURING, et al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the <u>Civil Division of the San Bernardino</u> District of the Superior Court under Rule 131 and General Order of this court for the checked reason:

☐ General        ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☑ | 20. Other <u>Labor/Employment</u> | The cause of action arose within the district. |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

<u>Devilbiss Healthcare, LLC- Place of business</u>                    <u>548 W Merrill Avenue</u>
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR                    ADDRESS

<u>Rialto</u>                    <u>CA</u>                    <u>92376</u>
CITY                    STATE                    ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on <u>April 3, 2020</u>              at <u>600 W. Santa Ana Blvd., Ste 202, Santa Ana, CA 92701</u>, California.

/s/ *Jihad M. Smaili*
Signature of Attorney/Party

Form # 13-16503-360
Mandatory Use

CERTIFICATE OF ASSIGNMENT

Rev. June 2019

BY FAX

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
------------------------------------------------------------------
------------------------------------------------------------------
                                CASE NO: CIVDS2011581

   SMAILI & ASSOCIATES PC
   600 WEST SANTA ANA BLVD
   SUITE 202
   SANTA ANA CA 92701
                          NOTICE OF TRIAL SETTING CONFERENCE


IN RE: BELTRAN -V- MEDICAL DEPOT, etal

THIS CASE HAS BEEN ASSIGNED TO: WILFRED J SCHNEIDER JR. IN DEPARTMENT S32
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210.

          HEARING DATE: 11/30/20 at  9:00 in Dept. S32

The Trial Setting Conference will be held in chambers without the
appearance of the parties -except for good cause shown. (see Emergency
Local Rule 411.1).

Parties shall file and serve no later than 15 days prior to the trial
setting conference the mandatory Initial Trial Setting Conference
Statement form (local for #13-09001-360) included with this notice.
Prior to the date of the initial trial setting conference, the court
may entertain a written stipulation by all appearing parties to con-
tinue the initial trial setting conference if filed at least 30 days
prior to the conference.

DATE: 06/27/20  Nancy Eberhardt, Court Executive Officer
                                  By: ARLENE GUARDADO
------------------------------------------------------------------
------------------------------------------------------------------
                    CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
(✓) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office

and identified as the location for the above law firm's collection of file stamped documents.

Date of Mailing: 06/27/20
I declare under penalty of perjury that the foregoing is true and correct. Executed on 06/27/20 at San Bernardino, CA

                                        BY: ARLENE GUARDADO

civ-ntsc-20130417

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS:   TRIAL SETTING CONFERENCE DATE: _____
ATTORNEY FOR (Name):   UNLIMITED CASE: ☐
FAX NO. (Optional):   LIMITED CASE: ☐

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted **jointly** by parties (names):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case** in Complaint:

5. **Description of case** in Cross-Complaint:

6. Has all discovery been completed: Yes ☐ No ☐ Date discovery anticipated to be completed: _____

7. Do you agree to mediation? Yes ☐ No ☐ Please check type agreed to: Private: ☐ Court-sponsored: ☐

8. **Related cases, consolidation, and coordination:** Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (name of party): _____

9. **Trial dates requested:** Yes ☐ No ☐ Available dates: _____ Time estimate: _____

10. **Other issues:**
    The following additional matters are requested to be considered by the Court:

11. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

12. Total number of pages attached (if any): _____

    I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
    Date: _____

_____   _____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY)

_____   _____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY)

Form #: 13-09001-360   **INITIAL TRIAL SETTING CONFERENCE STATEMENT**
Mandatory Form